IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT DUPREY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. _____ |
| ) | Removed from the |
| ) | District Court of Maryland |
| ) | for Montgomery County |
| ) | Case No. 060200037452013 |
| THE SCOTTS COMPANY LLC, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT THE SCOTTS COMPANY LLC'S NOTICE OF REMOVAL

Defendant The Scotts Company LLC ("Scotts"),[1] pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby removes this civil action to the United States District Court for the District of Maryland from the District Court of Maryland for Montgomery County. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's Fair Labor Standards Act claim because it arises under federal law, and it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law causes of action. This notice of removal is timely because it is being filed within thirty days of Defendant's receipt of a paper from which it could first be ascertained that the case is removable.

As grounds for this removal, Scotts states as follows:

---

[1] Plaintiff brought all claims against The Scotts Company LLC as an employer, but The Scotts Company LLC was not Plaintiff's employer. Instead, Plaintiff's employer was E.G. Systems, Inc. d/b/a Scotts LawnService, a subsidiary of The Scotts Company LLC. Thus, The Scotts Company LLC is not the proper Defendant.

## Procedural Background

1. On October 22, 2013, Plaintiff Robert Duprey filed a Complaint in the District Court of Maryland for Montgomery County against Scotts, styled *Robert Duprey v. The Scotts Company LLC*, Case No. 060200037452013.

2. The Complaint alleges that Plaintiff is a former Scotts employee and that Scotts failed and refused to pay him overtime wages at the rate required by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Lab. and Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law, Maryland Code Annotated, Lab. and Empl. §§ 3-501 *et seq.*

3. Scotts was served with Plaintiff's Complaint on October 29, 2013.

## Federal Question Jurisdiction

4. Removal is proper under 28 U.S.C. § 1441(a) because at least one of Plaintiff's claims originally could have been brought in this Court under the Court's original jurisdiction set forth in 28 U.S.C. § 1331. Specifically, Plaintiff seeks relief under the FLSA, *see* Compl. ¶¶ 20-23, over which federal courts have original subject matter jurisdiction under 28 U.S.C. § 1331.

## Supplemental Jurisdiction

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367 and 1441(c) because the same conduct or occurrences claimed as the basis for Plaintiff's federal claim also purportedly give rise to his state law claims. *See* Compl. ¶¶ 24-34.

### Removal Is Timely

6. This Notice is being filed fewer than thirty days after Scotts received a paper from which it could be ascertained that the case is removable. This notice is therefore timely under 28 U.S.C. § 1446(b).

### All Other Requirements For Removal Are Satisfied

7. As required by 28 U.S.C. § 1446(a) and Local Rule 5(a), copies of all process, pleadings, documents and orders served on Scotts are appended as Exhibit A.

8. As required by 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the Clerk of the District Court of Maryland for Montgomery County and being served on all other parties.

9. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

10. Scotts will file a Corporate Disclosure Statement required pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 103.3 contemporaneously with this Notice.

11. In accordance with the local rules of the United States District Court for the District of Maryland, a completed civil coversheet is being filed contemporaneously with this Notice and an additional copy is attached to this Notice as Exhibit B.

WHEREFORE, The Scotts Company LLC respectfully requests this Court assume jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331, 1367, and 1441-49.

Dated: November 20, 2013

Respectfully submitted,

/s/ Alexandra M. Romero
Alexandra M. Romero (Bar ID 18583)
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
Tel. No. 202-955-1500
Fax No. 202-778-7472
aromero@hunton.com

Ryan A. Glasgow (motion for *pro hac vice* admission to be filed)
Hunton & Williams LLP
951 East Byrd Street
Richmond, VA 23219
Tel. No. 804-788-8200
Fax No. 804-788-8218
rglasgow@hunton.com

Counsel for Defendant The Scotts Company LLC

## CERTIFICATE OF SERVICE

      I certify that, on November 20, 2013, a copy of the foregoing was served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Philip B. Zipin, Esq.
Jason D. Friedman, Esq.
THE ZIPIN LAW FIRM, LLC
836 Bonifant Street
Silver Spring, Maryland 20910

                                                  Alexandra M. Romero
                                                  Hunton & Williams LLP
                                                  2200 Pennsylvania Avenue, N.W.
                                                  Washington, DC 20037
                                                  Tel. No. 202-955-1500
                                                  Fax No. 202-778-7472
                                                  aromero@hunton.com

                                                  Counsel for Defendant The Scotts Company LLC