# EXHIBIT A


**CT Corporation**

**Service of Process Transmittal**
10/29/2013
CT Log Number 523785285

**TO:** Ivan Smith
The Scotts Company
14111 Scottslawn Rd.
Marysville, OH 43040-7801

**RE:** **Process Served in Maryland**

**FOR:** The Scotts Company LLC (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Duprey, Pltf. vs. The Scotts Company, LLC, Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Writ of Summons, Complaint(s), Notice, Complaint |
| **COURT/AGENCY:** | Montgomery County - District Court, MD Case # 060200037452013 |
| **NATURE OF ACTION:** | Employee Litigation - Claim for unpaid wages Seeking $11,927.69 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Incorporated, Baltimore, MD |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/29/2013 postmarked on 10/25/2013 |
| **JURISDICTION SERVED:** | Maryland |
| **APPEARANCE OR ANSWER DUE:** | February 12, 2014 at 8:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Philip B. Zipin<br>The Zipin Law Firm, LLC<br>836 Bonifant Street<br>Silver Spring, MD 20910<br>301-587-9373 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/29/2013, Expected Purge Date: 11/03/2013<br>Image SOP<br>Email Notification, Ivan Smith Ivan.Smith@scotts.com<br>Email Notification, Kristen Welker kristen.welker@scotts.com<br>Email Notification, SOP emailgroup SOP@scotts.com<br>Email Notification, Mark Sedor Mark.Sedor@Scotts.com<br>Email Notification, David Faure david.faure@scotts.com |
| **SIGNED:** | The Corporation Trust Incorporated |
| **PER:** | Billie Swoboda |
| **ADDRESS:** | 351 West Camden Street<br>Baltimore, MD 21201 |
| **TELEPHONE:** | 410-539-2837 |

Page 1 of 1 / AM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IF UNDELIVERABLE RETURN TO
DISTRICT COURT OF MARYLAND
191 E JEFFERSON ST
ROCKVILLE MD 20850-2630





7112 2557 3090 1056 4787





02 1A     $ 11.06⁰
0004622653    OCT 25 2013
MAILED FROM ZIPCODE 20850

**"RESTRICTED DELIVERY"**

CORPORATION TRUST INCORPORATED
351 WEST CAMDEN STREET
BALTIMORE, MD 21201



# DISTRICT COURT OF MARYLAND for Montgomery County
Located at 8552 Second Ave, Silver Spring, Maryland 20910

## WRIT OF SUMMONS

Defendant : **SCOTTS COMPANY LLC**
Serve On : CORPORATION TRUST INCORPORATED
Address : 351 WEST CAMDEN STREET
BALTIMORE, MD 21201

Date Filed : Oct 22, 2013
Issue Date : Oct 24, 2013
Case Number : 060200037452013
Complaint No. : 001

| Trial Date | : Feb 12, 2014 |
|---|---|
| Trial Time | : 08:00 am |
| Trial Room | : 401 |

You are summoned to appear for trial at the date, time and location shown above. If you intend to be present at the trial, you must file the attached Notice of Intention to Defend within sixty days of receiving this complaint. Failure to file the Notice of Intention to Defend may result in a judgment by default or the granting of the relief sought.

**MUST BE SERVED BY Nov 23, 2013**        Judy Lohman, Administrative Clerk / SW

---- CUT HERE ---------------------------------------------------- CUT HERE ----

## NOTICE OF INTENTION TO DEFEND

Defendant : SCOTTS COMPANY LLC
Trial Date : Feb 12, 2014

Case # 060200037452013
Complaint # 001

Notice : If you **contest the claim** or any part thereof, you must complete this Notice of Intention to Defend and file with the court listed at the top of this summons no later than 60 days after you receive this Summons and be present in court on the trial date. If you do not appear judgment by default or the relief sought may be granted.

**A corporation** may enter an appearance only by an attorney except that an officer of the corporation may appear on its behalf if the action is based on a claim that does not exceed $5,000.00.
Any reasonable accommodation for persons with disabilities should be requested by contacting the court prior to trial.

Possession and use of cell phones and other electronic devices may be limited or prohibited in designated areas of the court facility.

### SEE ATTACHED NOTICE FOR IMPORTANT INFORMATION
I intend to be present at the trial of this claim and demand proof of the Plaintiff's claim.

Explanation of defense : _____

____ /____ / 20 ____    _____   (____) _____   (____) _____
   Date                    Signature               Work Phone              Home Phone

                                         Address/City/State/Zip code
_____   _____
   Fax number               e-Mail Address

☐ Check this box if this is a new address.



Case Num. 060200037452013

# DISTRICT COURT OF MARYLAND FOR Montgomery County

**LOCATED AT (COURT ADDRESS)**
8552 Second Ave.
Silver Spring, MD 20910

**CASE NO.** CV

**COMPLAINT** ☐ $5,000 or under  ☐ over $5,000  ☒ over $10,000
Clerk: Please docket this case in an action of ☐ contract ☒ tort
☐ replevin  ☐ detinue  ☐ bad faith insurance claim

The particulars of this case are:
See attached.

RECEIVED
CASHIER'S OFFICE
2013 OCT 22 A 11:09
DISTRICT COURT OF MD
SILVER SPRING

## PARTIES

**Plaintiff**
Robert Duprey
1529 Rita Road
Baltimore, Maryland 21222

**vs.**

**Defendant(s):**

1. The Scotts Company LLC
   14111 Scottslawn Road
   Marysville, Ohio 43041

   Serve by:
   ☐ Certified Mail
   ☐ Private Process
   ☐ Constable
   ☐ Sheriff

2. Serve: The Corporation Trust Incorporated
   351 West Camden Street
   Baltimore, Maryland 21201

   Serve by:
   ☒ Certified Mail
   ☐ Private Process
   ☐ Constable
   ☐ Sheriff

3. 
   Serve by:
   ☐ Certified Mail
   ☐ Private Process
   ☐ Constable
   ☐ Sheriff

4. 
   Serve by:
   ☐ Certified Mail
   ☐ Private Process
   ☐ Constable
   ☐ Sheriff

(See Continuation Sheet)
☒ Legal
☐ Contractual _____ %

The Plaintiff claims:
☒ $ 11,927.69 _____ plus interest of $ TBD _____ and attorney's fees of $ TBD _____ plus court costs.
☐ Return of the property and damages of $ _____ for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of $ _____ for its detention in action of detinue.
☒ Other: Damages, interest, costs, attorney's fees
and demands judgment for relief.

_Signature of Plaintiff/Attorney/Attorney Code_
Signer's Address: 836 Bonifant Street
Silver Spring, Maryland 20910
Signer's Telephone Number: 301-587-9373
Signer's Facsimile Number, if any: 301-587-9397
Signer's E-mail Address, if any: jfriedman@zipinlaw.com

## ATTORNEYS

For Plaintiff - Name, Address, Telephone Number & Code
Philip B. Zipin
Jason D. Friedman
The Zipin Law Firm
836 Bonifant Street, Silver Spring MD 20910
301-587-9373

## MILITARY SERVICE AFFIDAVIT

☐ Defendant(s) _____ is/are in the military service.
☒ No Defendant is in the military service. The facts supporting this statement are: Defendant is a Corporation

*Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.*

☐ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

October 21, 2013
_Date_            _Signature of Affiant_

## APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

_Date_            _Signature of Affiant_

DC/CV 1 (front) (Rev. 11/2012)

## NOTICE TO DEFENDANT

### Before Trial

**If you agree that you owe the Plaintiff the amount claimed,** you may contact the Plaintiff (or Plaintiff's attorney) before the trial date to arrange payment. **If you wish to contest the claim,** you should notify the clerk's office by filing a Notice of Intent to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two weeks before the trial date to request subpoenas, and you should bring to court on the trial date any evidence you want the Court to consider. **If you do nothing,** a judgment could be entered against you.

### If Judgment is Entered Against You (If You Lose)

**IF YOU DISAGREE WITH THE COURT'S RULING,** you may:

1. **APPEAL** to the Circuit Court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees - DCA 109A), unless the Court determines that you are indigent. If the amount of the claim, not counting court costs, interest, and attorney's fees, is:
   - **more than $5,000**, you will also have to order and pay for a transcript of the District Court trial record, by contacting the District Court clerk's office (see Transcripts & Recordings Brochure - DCA 27BR).
   - **$5,000 or less**, you will have a new trial in the Circuit Court.

   On your trial date you should bring with you any evidence that you want the Court to consider.

2. File a **MOTION FOR A NEW TRIAL** within **10 days** after the entry of judgment, stating your reasons clearly. If the Court denies your Motion, you may still file an appeal; if the Court grants your Motion, you must appear in the District Court for a new trial.

3. File a **MOTION TO ALTER OR AMEND THE JUDGMENT** within **10 days** after entry of judgment.

4. File a **MOTION TO REVISE OR VACATE THE JUDGMENT** within **30 days** after entry of judgment.

**IF YOU DECIDE NOT TO APPEAL AND NOT TO FILE ONE OF THE ABOVE MOTIONS,** you may contact the Plaintiff or Plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the Plaintiff or Plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Interrogatories:** You must answer these written questions about your income and assets in writing under penalties of perjury.

2. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income.

3. **Writ of Execution:** The Court may issue a writ requiring the sale or seizure of any of your possessions except, with some exceptions, property that is exempt from execution. The exemptions are explained in detail on the reverse side of the Writ of Execution form - DC/CV 40. Further, the Court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.

4. **Garnishment of Property:** The Court may issue a writ ordering a bank or other agent to hold your assets until further court proceedings.

5. **Garnishment of Wages:** The Court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

**If you have any questions, you should consult an attorney. The clerk of the Court is not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: http://www.mdcourts.gov/district/public_brochures.html.**

### NOTICE TO PLAINTIFF

1. If the Court enters a judgment for a sum certain, you have the right to file for a lien on real property.

2. If you disagree with the outcome of the case, you have the same post-trial rights as the Defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

DC/CV 1 (back) (Rev. 11/2012)

IN THE DISTRICT COURT OF MARYLAND
FOR MONTGOMERY COUNTY

ROBERT DUPREY                                          *
1529 Rita Road                                         *
Baltimore, Maryland 21222                              *
                                                       *
    PLAINTIFF,                                         *
                                                       *
    v.                                                 *   Case No.:
                                                       *
THE SCOTTS COMPANY, LLC                                *
14111 Scottslawn Road                                  *
Marysville, Ohio 43041                                 *
                                                       *
    Serve: THE CORPORATION TRUST INCORPORATED          *
    351 West Camden Street                             *
    Baltimore, Maryland 21201                          *
                                                       *
    DEFENDANT.                                         *
**************************************************************************

## COMPLAINT

Plaintiff Robert Duprey ("Plaintiff"), by and through his undersigned counsel, hereby submits his Complaint against Defendant, The Scotts Company, LLC ("Defendant"), to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"), to recover unpaid wages, interest, reasonable attorney's fees, and costs under the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter, "MWHL"), and to recover unpaid wages, liquidated damages, interest, reasonable attorney's fees, and costs under the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article §§ 3-501 *et seq.* (hereinafter "MWPCL").

## PARTIES AND JURISDICTION

1.  Plaintiff is an adult resident of the State of Maryland.

2.  Defendant is a limited liability company registered under the laws of the State of

Maryland. At all times relevant, Defendant operated continuously in Maryland as The Scotts Company, LLC.

3.  At all times relevant, Defendant was Plaintiff's "employer" for purposes of the FLSA, MWHL, and MWPCL.

4.  At all times relevant, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

5.  At all times relevant, Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6.  At all times relevant, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

7.  Defendant operated in Montgomery County, Maryland.

## FACTS

8.  Plaintiff was employed by Defendant as a lawn technician and territorial service representative. Plaintiff is a full time employee and began working as a lawn technician in about February 2008.

9.  During Plaintiff's employment, Plaintiff's regular rate of pay ranged between $14.00 and $23.00 per hour.

10. While in Defendant's employ, Plaintiff typically and customarily worked more than forty (40) hours per week.

11. At all times during Plaintiff's employment, Defendant had knowledge that Plaintiff typically and customarily worked more than forty (40) hours per week and suffered or permitted Plaintiff to work more than forty (40) hours per week.

12. Defendant has never paid Plaintiff at the rate of one-and-one half (1½) times

Plaintiff's regular rate of pay for overtime hours worked each week in excess of forty (40).

13. As a consequence of the foregoing, Plaintiff is owed his overtime premium in the amount of one-and-one half (1½) times his regular rate for each overtime hour worked each week.

14. For the three (3) year period immediately preceding the filing of this action, Plaintiff worked approximately 440.78 overtime hours.

15. Using Plaintiff's pay stubs to calculate a weekly regular pay rate and an overtime pay rate, Plaintiff is owed approximately $11,927.69 in overtime wages.

16. Pursuant to the language of the FLSA, Plaintiff is entitled to liquidated damages in an amount equal to his unpaid overtime wages.

17. The FLSA "plainly envisions" that liquidated damages "are the norm" for violations of the FLSA. *Mayhew v. Wells,* 125 F.3d 216, 220 (4th Cir.1997).

18. Plaintiff is be entitled to payment of his attorney's fees and costs. The FLSA provides that a court "*shall,* in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added). In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory. *See Hensley v. Eckerhart,* 461 U.S. 424 (1983).

19. As a consequence of the foregoing, Plaintiff is entitled to recover his reasonable attorney's fees and costs associated with the prosecution of this case.

## CAUSES OF ACTION

### COUNT I
### Violation of the Federal Fair Labor Standards Act

20. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-19 above, as if each were set forth herein.

21. Plaintiff was, at all times, a non-exempt employee for purposes of overtime pay under the FLSA. Pursuant to the FLSA, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff at the rate of one-and-one half (1½) times Plaintiff's regular rate of pay for each hour worked each week in excess of forty (40).

22. As set forth above, Defendant failed and refused to pay Plaintiff overtime wages at the rate required by the FLSA for hours in excess of forty (40) worked each week.

23. Defendant's refusal and failure to pay Plaintiff as required by the FLSA for overtime hours worked was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime wages in the amount of $11,927.69, or such other amounts as are proven at trial, liquidated damages in the same amount, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of the Maryland Wage and Hour Law (Overtime)

24. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-23 above, as if each were set forth herein.

25. Plaintiff was, at all times, a non-exempt employee for purposes of overtime pay under the MWHL. Pursuant to the MWHL, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff at the rate of one-and-one half (1½) times Plaintiff's regular rate of pay for each

hour worked each week in excess of forty (40).

26. As set forth above, Defendant failed and refused to pay Plaintiff overtime wages at the rate required by the MWHL for hours in excess of forty (40) worked each week.

27. Defendant's refusal and failure to pay Plaintiff as required by the MWHL for overtime hours worked was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count II for all unpaid overtime wages in the amount of $11,927.69, or such other amounts as are proven at trial, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of the Maryland Wage Payment and Collection Law

28. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-27 above, as if each were set forth herein.

29. Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the MWPCL.

30. Under the MWPCL, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff all wages due for work that Plaintiff performed.

31. "Wage" is defined under the MWPCL as "all compensation that is due to an employee for employment" including "a bonus; a commission; a fringe benefit; overtime wages; or any other remuneration promised for service." "Wage" under the MWPCL specifically includes overtime wages.

32. As set forth above, while Plaintiff was in Defendant's employ, Defendant failed and refused to pay Plaintiff at the proper rate for work performed in excess of forty (40) hours each week.

33. Defendant's failure and refusal to pay all wages due to Plaintiff for work performed constitutes a violation of Plaintiff's right to receive wages under the MWPCL.

34. Defendant's failure to pay Plaintiff all wages due for work performed was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count III for all unpaid wages in the amount of $11,927.69, or such other amounts as are proven at trial, plus three times (3x) the amount of unpaid and/or improperly withheld wages as additional damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court deems appropriate.

Respectfully submitted,

_____
Philip B. Zipin, Esq.
Jason D. Friedman, Esq.
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
pzipin@zipinlaw.com
jfriedman@zipinlaw.com

*Counsel for Plaintiff*