IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT DUPREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 8:13-cv-03496-PWG |
| | ) | |
| | ) | |
| | ) | |
| THE SCOTTS COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND GENERAL RELEASE AND FOR ENTRY OF ORDER DISMISSING CASE WITH PREJUDICE**

Plaintiff Robert Duprey and The Scotts Company LLC, by and through their counsel, hereby submit their Memorandum in Support of their Joint Motion for approval of the Settlement Agreement and General Release ("Settlement Agreement") reached between the parties and attached to their Motion as Exhibit A.

## I. INTRODUCTION

In this wage and hour overtime case, Plaintiff and Defendant jointly request that the Court enter an Order approving the settlement reached between the parties in resolution of a bona fide dispute regarding Plaintiff's entitlement to overtime under the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), and dismissing his claims with prejudice. The parties have carefully and exhaustively negotiated a settlement in this action, and they have agreed to resolve the disputed factual and legal issues on terms set forth in the Settlement Agreement.

The parties seek Court approval of their Settlement Agreement because claims under the FLSA, like those settled and released by Plaintiff in the Settlement Agreement, may not be waived or released without Department of Labor or court approval.  29 U.S.C. § 216(b) and (c); Taylor v. Progress Energy, Inc., 415 F.3d 364, 371 (4th Cir. 2005) ("The rights guaranteed by the FLSA cannot be waived or settled without prior DOL or court approval."); Lynn's Food Stores v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) (accord).  After scrutinizing the Settlement Agreement, the Court will find that the Settlement Agreement is fair and should be approved.  The Settlement Agreement reflects reasonable compromises of issues actually in dispute, the settlement was reached in an adversarial context in which both parties were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## II.     PROCEDURAL HISTORY

On October 22, 2013, Plaintiff Robert Duprey filed a Complaint with the District Court for Montgomery County, Maryland, claiming that Defendant failed to properly pay him overtime.  He alleged three claims:  (1) a claim under the FLSA; (2) a claim under the MWHL; and (3) a claim under the MWPCL.  On November 20, 2013, Defendant removed the action to this Court.  On November 25, 2013, Defendant filed a Motion to Dismiss Plaintiff's MWPCL claim, arguing that claims for overtime compensation were not cognizable under the MWPCL.  That Motion is pending before the Court, and briefing on the Motion was stayed by the Court pending settlement discussions that led to the Settlement Agreement.  On November 26, 2013, Defendant filed its Answer, denying Plaintiff's claims and asserting, among other things, that Plaintiff had received all of the overtime compensation to which he was entitled under the FLSA, the MWHL, and the MWPCL.

During the December 16, 2013 Scheduling Conference with the Court, the parties informed the Court that they thought this action was capable of settlement at an early stage. Accordingly, the Court stayed discovery and Plaintiff's deadline for responding to Defendant's Motion to Dismiss to January 23, 2014, and the Court subsequently extended the stay to February 24, 2014.  Since the December 16, 2013 Scheduling Conference, counsel for the parties have participated in numerous telephone conferences and have exchanged numerous e-mails in an effort to resolve this matter.  The parties also informally exchanged certain information related to Plaintiff's alleged damages calculations and his leave schedule so that the parties were better informed as to the potential backpay damages at stake.  The parties ultimately reached an oral settlement in principle on January 13, 2014, and the parties fully executed the Settlement Agreement on February 7, 2014.

### III.    THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND DISMISS THE ACTION WITH PREJUDICE

The Court should approve the Settlement Agreement and dismiss the action with prejudice because the settlement is the product of contested litigation, Plaintiff is represented by competent and experienced counsel, and the Settlement Agreement reflects a reasonable compromise over disputed issues.  The Settlement Agreement's provisions are fair and reasonable.

The Fourth Circuit has not set forth specific guidelines for approval of an FLSA settlement.  As a result, most courts rely on the factors discussed in the Eleventh Circuit's decision in Lynn's Food Stores v. United States, 679 F.2d 1350 (11th Cir. 1982).  According to the Eleventh Circuit, when reviewing a proposed FLSA settlement, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair

and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1353, 1355. In applying this analysis, the district court should examine four factors:

1. Was the settlement achieved in an adversarial context?

2. Was the Plaintiff represented by attorneys who can protect his rights?

3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?

4. Is the settlement fair?

Id. at 1353-54.

The Settlement Agreement currently before the Court satisfies each of these factors. The settlement was negotiated at arm's length during a month-long period involving numerous exchanges between the parties. Each of the parties was represented by counsel experienced in wage and hour litigation who protected the rights of their respective clients during the negotiations. The settlement reflects a reasonable compromise regarding bona fide disputes between the parties regarding the questions of liability and the amount of alleged damages under the FLSA. Specifically, excluding attorneys' fees, the settlement payment provided by Defendant under the Settlement Agreement is the approximate equivalent of 60% of the backpay that Plaintiff would have recovered had he pursued discovery in this matter and prevailed at trial on his view of the facts.

Further, the parties both agree that the settlement is fair, just, and adequate to settle the claims of Plaintiff. The endorsement of the Settlement Agreement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." Quintanella v. A&R Demolition, Inc., No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449, at * 14 (S.D. Tex. May 7, 2008). Here, Plaintiff's counsel is fully aware of the factual contentions of his

client and is in the best position to opine as to whether this settlement produces fair results after consideration of risks.  He has concluded that a settlement with Defendant on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiff.

## IV. PLAINTIFF SUBMITS THAT THE ESTIMATED REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE

The Settlement Agreement also includes a payment for reasonable attorneys' fees and expenses in the amount of $3,000.00.  Defendant agrees that, under the circumstances of this case, $3,000.00 is reasonable.

In the remainder of this section of the brief, Plaintiff explains why he believes that such an amount is reasonable given the circumstances of this case and should be approved by the Court.  As explained below, the fee award to Plaintiff's counsel is the product of the contingency arrangement articulated in Plaintiff's Retainer Agreement, and not the product of an hourly award.  Typically, the twelve (12) factors cited by the 4th Circuit in <u>Barber v. Kimbrell's, Inc.</u>, 577 F.2d 216 (4th Cir. 1978), constitute the appropriate standard in assessing the reasonableness of the hours and rates claimed.  The 12-factor lodestar analysis is as follows:

1. <u>The time and labor required</u>.

Philip B. Zipin, Gregg C. Greenberg, and Jason D. Friedman were the billing attorneys on this case.  To date, attorneys have spent over 30 hours (tracked contemporaneously), resulting in over $8,000.00 in fees.  These fees were incurred for, among other things, (1) meeting with Plaintiff and communicating with Plaintiff by telephone numerous times; (2) investigating potential claims in this case; (3) performing detailed damage calculations; (4) drafting the Complaint; and (5) participating in continuous negotiations with Defendant.

2.  <u>The novelty and difficulty of the questions</u>.

Plaintiff submits that this particular wage and hour case posed unique difficulties as a result of Defendant's use of the Fluctuating Workweek. Accordingly, Plaintiff's counsel was required to perform substantial research.

3.  <u>The level of skill required to perform the legal service properly</u>.

To successfully pursue an FLSA case, the attorney for the Plaintiff must possess a range of specialized skills and current knowledge of legal developments in order to properly navigate discovery, withstand motions, and prove liability. The Zipin Law Firm has handled (mostly resulting in successful settlements) over one-hundred fifty (150) unique FLSA cases in Federal and State Courts in Maryland, Virginia, the District of Columbia, and West Virginia. Thus, as a matter of necessity, counsel for Plaintiff is keenly aware of developments in the FLSA case holdings that would have affected the rights of Plaintiff had this matter continued further. Plaintiff believes that such knowledge, skill, and experience were absolutely necessary in navigating this case to a successful outcome for Plaintiff.

4.  <u>The Opportunity Costs</u>.

In being adverse Defendant in this matter, it is unlikely that The Zipin Law Firm will be hired any time soon to represent any lawn care company in the State of Maryland or the surrounding areas.

5.  <u>The Customary Fee</u>

The fees customarily charged by Plaintiff's counsel to fee paying clients are as follows:

| **Attorney** | **Hourly Rate** |
| --- | --- |
| Philip B. Zipin | $450.00 |
| Gregg C. Greenberg | $285.00 |

| | |
|---|---|
| Jason D. Friedman | $205.00 |
| Law Clerk/Paralegal | $115.00 |

Plaintiff submits that the rates sought herein are in line with market rates in determining a reasonable attorney rate for this geographic region.

6. <u>The attorney's expectations at the outset of the litigation</u>.

The Zipin Law Firm handled this case on a contingency fee basis.  Plaintiff's counsel bore a substantial risk.

7. <u>The time limitations imposed by the client or the circumstances</u>.

No unusual time limitations were presented that would form the basis for any adjustment to the lodestar in this case.

8. <u>The amount involved and the results obtained</u>.

In consideration of such risk and uncertainty, Plaintiff believes that he obtained a favorable result.  Moreover, Plaintiff is highly satisfied with the settlement and the quick resoluation of this matter.

9. <u>The experience, reputation, and ability of the attorneys</u>.

The experience of Plaintiff's attorneys is set forth in detail above and fully justifies the rates sought in this case, which are consistent with the rates attorneys at The Zipin Law Firm charge to hourly clients and are in line with market rates.  The Zipin Law Firm is a highly skilled and experienced firm in the employment law field, and specifically in FLSA cases.

10. <u>The undesirability of the case</u>.

Plaintiff believes that any attorneys, even those who specialize in employment law, would decline representation in an FLSA dispute on a contingency basis where the Defendant

was able to demonstrate such a strong Fluctuating Workweek defense.  Nonetheless, The Zipin Law Firm agreed to represent the Plaintiff and navigate the litigation to a successful conclusion.

11.     <u>The nature and length of the professional relationship with the client</u>.

Plaintiff's counsel has represented Plaintiff from the outset of the case.  To their knowledge, The Zipin Law Firm has no prior relationship with Plaintiff.

12.     <u>Awards in similar cases</u>.

Plaintiff's counsel has been awarded fees in this Court and in other District courts on a number of occasions following successful conclusions in FLSA cases at rates in line with the market rates or the *Laffey* Matrix.  For example, in a recent FLSA case, <u>Bradshaw v. J.T.T. Enterprises Corp.</u>, Case No. 1:11-cv-1558 (D.D.C. July 10 2012), United States Magistrate Judge John M. Facciolla awarded Mr. Greenberg <u>Laffey</u> Matrix billing rates.

## V.     CONCLUSION

For these reasons, the parties respectfully request that this Court approve the Settlement Agreement in this matter.  The parties further respectfully request that, should the Court approve the Settlement Agreement, it also enter an order dismissing this action with prejudice.  A proposed order is attached as Exhibit B to the parties' Joint Motion.

To the extent the Court has questions or concerns regarding the terms of the Settlement Agreement, the parties are available for a telephonic conference or hearing with the Court at its convenience.

Respectfully submitted this 11th day of February, 2014.

| | |
|---|---|
| /s/ Philip B. Zipin | /s/ Alexandra M. Romero |
| Philip B. Zipin | Alexandra M. Romero (Bar ID 18583) |
| The Zipin Law Firm, LLC | Hunton & Williams LLP |
| 836 Bonifant Street | 2200 Pennsylvania Avenue, N.W. |
| Silver Spring, Maryland 20910 | Washington, DC 20037 |
| Tel. No. 301-587-9373 | Tel. No. 202-955-1500 |
| Fax No. 301-587-9397 | Fax No. 202-778-7472 |
| pzipin@zipinlaw.com | aromero@hunton.com |
| | |
| Counsel for Plaintiff | Ryan A. Glasgow (admitted *pro hac vice*) |
| | Hunton & Williams LLP |
| | 951 East Byrd Street |
| | Richmond, VA 23219 |
| | Tel. No. 804-788-8200 |
| | Fax No. 804-788-8218 |
| | rglasgow@hunton.com |
| | |
| | Counsel for Defendant The Scotts Company LLC |

## CERTIFICATE OF SERVICE

      I certify that, on February 11, 2014, a copy of the foregoing was served by electronic filing via CM/ECF to the registered participants as identified on the Notice of Electronic Filing.

      /s/ Alexandra M. Romero

Alexandra M. Romero
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
Tel. No. 202-955-1500
Fax No. 202-778-7472
aromero@hunton.com

Counsel for Defendant The Scotts Company LLC