IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT DUPREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 8:13-cv-03496-PWG |
| | ) | |
| THE SCOTTS COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND GENERAL RELEASE AND FOR ENTRY OF ORDER DISMISSING CASE WITH PREJUDICE</u>**

# EXHIBIT A

Settlement Agreement and General Release

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between Robert Duprey ("Duprey"), on the one hand, and E.G. Systems, Inc. d/b/a Scotts LawnService ("SLS") and The Scotts Company, LLC ("Scotts"), on the other hand, on the date executed below.

W I T N E S S E T H:

WHEREAS, a lawsuit styled <u>Robert Duprey v. The Scotts Company, LLC</u>, Case No. 8:13-cv-03496-PWG, (the "Action"), is pending in the United States District Court for the District of Maryland, in which Duprey alleges claims for overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL");

WHEREAS, the Action was filed against Scotts, but Scotts and SLS maintain that SLS, a subsidiary of Scotts, was Duprey's employer under the FLSA, MWHL, and MWPCL;

WHEREAS, there exists a bona fide dispute between the parties with respect to the issues raised in the Action; and

WHEREAS, the parties desire to settle fully and finally all differences between them, including but not limited to those differences that were or could have been embodied in the Action.

NOW, THEREFORE, in consideration of the mutual promises and covenants below, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. No Admission. This Agreement is in compromise of disputed claims between the parties. This Agreement shall not be construed as an admission by SLS or Scotts of a violation of the FLSA, MWHL, MWPCL, or any other federal, state, or local statute, regulation, judicial doctrine, or other law. SLS and Scotts specifically disclaim any liability to, or unlawful action against, Duprey or any other person.

2. Settlement Payment. For and in consideration of the promises and other consideration described in this Agreement, and in full and final settlement of any and all rights, claims, or causes of action Duprey may have or may have had against SLS, Scotts, and the Released Parties as defined below, SLS agrees to make the following payments:

(a) A check made payable to Duprey in the amount of Two Thousand Two Hundred Fifty Dollars ($2,250.00), less applicable withholding for state and federal taxes, for the payment of alleged backpay damages. SLS will issue an appropriate Form W-2 with respect to such payment.

(b)     A check made payable to Duprey in the amount of Two Thousand Two Hundred Fifty Dollars ($2,250.00) for the payment of alleged liquidated damages. SLS will issue an appropriate Form 1099 with respect to such payment.

(c)     A check made payable to The Zipin Law Firm, LLC in the amount of Three Thousand Dollars ($3,000.00), as and for attorneys' fees, costs, and other expenses incurred by and on behalf of Duprey as a result of the Action. SLS will issue an appropriate Form 1099 with respect to such payment to The Zipin Law Firm, LLC.

The payments set forth in Paragraph 2 shall be mailed by SLS to The Zipin Law Firm, LLC within ten business days after this Settlement Agreement is executed by the parties and the Court has entered an order approving this Agreement and dismissing this Action with prejudice.

3.     <u>Attorneys' Fees and Costs</u>. Duprey acknowledges and agrees that, with the exception of the payment referenced in 2(c), he shall be solely responsible for his own attorneys' fees, expenses, and costs in connection with the Action. Under no circumstances shall Duprey be deemed a "prevailing party" for purposes of an award of attorneys' fees or costs.

4.     <u>General Waiver and Complete Release of Claims</u>. For and in consideration of the payments, promises, and other consideration described in this Agreement, Duprey, individually and on behalf of himself and his attorneys, agents, personal representatives, executors, administrators, heirs, beneficiaries, successors, and assigns, hereby releases, discharges, waives, and covenants not to sue Scotts, SLS, and/or their past, present, or future parents, subsidiaries, affiliated companies, officers, directors, administrators, employees, agents, representatives, successors, and assigns (the "Released Parties"), with respect to any and all claims, demands, damages, actions, causes of action, or liability related in any way to his employment with SLS and/or Scotts, including but not limited to the payment of wages, overtime, or minimum wages under the FLSA, MWHL, or MWPCL arising while he was employed by SLS and/or Scotts. This release extends to all claims based on events occurring up to and including the date Duprey signs this Agreement, whether known or unknown, and extends to all matters and things that may hereafter be discovered. This release and waiver of claims and any waiver of claims throughout the Agreement does not apply to any claims of workers' compensation benefits.

5.     <u>Dismissal With Prejudice of the Action</u>. For and in consideration of the payments, promises, and other consideration described in this Agreement, Duprey agrees to dismiss with prejudice his claims in this Action. Duprey authorizes his attorneys to take all steps necessary to obtain this dismissal, including executing a Joint Stipulation of Dismissal and/or a Joint Motion for Approval of Settlement Agreement and supporting brief. Duprey further agrees not to reinstate any claims in the Action or to file any other claims, charges, or complaints or join any other lawsuit against SLS, Scotts, and/or the Released Parties, based upon, arising from, or in any way related to any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to and including the date of this Agreement. Duprey agrees and understands that the dismissal with prejudice required by this Paragraph is a condition precedent to any obligations of SLS to provide the payments described above in Paragraph 2. Duprey represents and warrants that, other than the claims raised in the Action, he has no complaints, administrative charges, lawsuits or other legal proceedings currently pending against

SLS, Scotts, and/or the Released Parties before any federal, state, or local court, agency, or other governmental entity.

6. **Confidentiality.** Duprey agrees that he will not reveal or allow anyone else to reveal this Agreement or its terms to any person, agency, institution, company, or other entity. The sole exceptions are as follows: Duprey may make such disclosures as are required by law, including disclosures to taxing agencies, and may disclose the terms of this Agreement to his counsel, tax advisors, and spouse, provided that he shall first inform such individuals that the terms are strictly confidential and obtain their assurance that they will not reveal this Agreement or its terms to anyone else except as required by law. Moreover, Duprey agrees that neither he nor anyone acting on his behalf (including his attorneys) may release or publish any statement regarding this Agreement or the Action or its resolution, including but not limited to "trial reports," "settlement reports" or other similar statements, regardless of whether any such statements or reports identify the parties.

7. **Acknowledgements.** Duprey acknowledges that he has been given a reasonable period of time to consider this Agreement, that he has reviewed this Agreement with his attorney, and that he has obtained all advice and counsel he needs to understand all terms and conditions of this Agreement.

8. **Complete Agreement.** This Agreement supersedes any and all other previous agreements between the parties with respect to the subject matter referred to herein. Duprey affirms that the consideration for his executing this Agreement are the payments and promises expressly contained or described herein. Duprey further represents and acknowledges that, in executing this Agreement, he does not rely and has not relied upon any promise, inducement, representation, or statement by SLS or Scotts about the subject matter, meaning, or effect of this Agreement that is not stated in this document.

9. **Construction.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. The paragraph headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement. If any term or provision of this Agreement is declared or determined by any court to be illegal or invalid, that part shall be excluded from the Agreement, but the validity of the remaining parts, terms, or provisions shall not be affected. The terms of this Agreement shall be governed by, and construed and enforced under, Maryland law, regardless of Maryland's choice of law provisions.

10. **Counterparts and Facsimile or Electronic Copies of Signatures.** This Agreement may be executed in one or more counterparts, and each counterpart shall, for all purposes, be deemed to be an original, and all such counterparts shall together constitute one and the same instrument. Any party's signature on this Agreement that is transmitted by facsimile or electronic means shall be deemed to be an original.

[signatures on following pages]

THE UNDERSIGNED HAVE CAREFULLY READ THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE; THEY KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY HAVE NOT BEEN COERCED INTO SIGNING THIS AGREEMENT.

**ROBERT DUPREY**

_____
SIGNATURE

_1-24-2014_____
DATE

STATE OF _md._____ )
                    ) To-wit:
COUNTY/CITY OF _Silver Spring_ )

    I, a Notary Public in and for the above jurisdiction, hereby certify that Robert Duprey appeared before me this _24_ day of _January_, 20_14_, and acknowledged and executed the foregoing Agreement.

_____
NOTARY PUBLIC

    My Commission Expires: _5/23/17_

    My Registration Number is: _____

[SEAL]

Jessica A. Akyea
Notary Public
Montgomery County, Maryland
Commission Expires: 5/23/17
signed before me 7/24/13

**E.G. SYSTEMS, INC. D/B/A SCOTTS LAWNSERVICE**

By: _____ DATE: _2-7-14_

Title: _President SLS_

-4-

THE SCOTTS COMPANY, LLC

By: _____   DATE: 1/31/14

Title: VP HR Operations